# EXHIBIT A

 Wolters Kluwer

**CT Corporation**
**Service of Process Notification**
03/11/2026
CT Log Number 551600608

## Service of Process Transmittal Summary

**TO:**   JIM ZANGARO, Associate General Counsel
Givaudan Fragrances Corporation
300 WATERLOO VALLEY RD
BUDD LAKE, NJ 07828-1384

**RE:**   **Process Served in New Jersey**

**FOR:**   Givaudan Fragrances Corporation  (Domestic State: DE)

### ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:

| | |
|---|---|
| **TITLE OF ACTION:** | VIRGINIA VELASCO, on behalf of herself, and all others similarly situated vs. GIVAUDAN ROURE CORPORATION |
| **CASE #:** | PASL00080226 |
| **PROCESS SERVED ON:** | C T Corporation System, West Trenton, NJ |
| **DATE/METHOD OF SERVICE:** | By Process Server on 03/11/2026 at 13:00 |
| **JURISDICTION SERVED:** | New Jersey |
| **ACTION ITEMS:** | CT will retain the current log |
| | Image SOP |
| | Email Notification,  JIM ZANGARO  jim.zangaro@Givaudan.com |
| | Email Notification,  Michelle Miller  Michelle.Miller@Givaudan.com |
| | Email Notification,  Stacy Schuddeboom  stacy.schuddeboom@givaudan.com |
| **REGISTERED AGENT CONTACT:** | C T Corporation System
820 Bear Tavern Road
West Trenton, NJ 08628
866-401-8252
LargeCorporationTeam@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.



## PROCESS SERVER DELIVERY DETAILS

**Date:**                                    Wed, Mar 11, 2026
**Server Name:**                             Drop Service

| | |
|---|---|
| Entity Served | GIVAUDAN FRAGRANCES CORP |
| Case Number | PAS-L-802-26 |
| Jurisdiction | NJ |

| Inserts | | |
|---|---|---|
| | | |



**DeNITTIS OSEFCHEN PRINCE, P.C.**
Stephen P. DeNittis, Esq. (031981997)
Joseph A. Osefchen, Esq. (024751992)
Shane T. Prince, Esq. (022412002)
James A. Barry, Esq. (027512008)
525 Route 73 North, Suite 410
Marlton, New Jersey 08053
SDenittis@Denittislaw.com
JOsefchen@Denittislaw.com
SPrince@Denittislaw.com
JBarry@Denittislaw.com
(856) 797-9951

*Attorneys for Plaintiff and the Putative Class*

| | |
|---|---|
| VIRGINIA VELASCO, on behalf of herself, and all others similarly situated, | SUPERIOR COURT OF NEW JERSEY PASSAIC COUNTY LAW DIVISION |
| Plaintiff, | |
| v. | Docket No.: PAS-L-000802-26 |
| GIVAUDAN ROURE CORPORATION; GIVAUDAN FRAGRANCES CORPORATION; ABC Corporations (1-10); DEF Corporations (1-10); and JOHN and/or JANE DOES (1-10), | **SUMMONS** |
| Defendants. | |

From The State of New Jersey
To The Defendant(s) Named Above: Givaudan Fragrances Corporation

The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The amended complaint attached to this summons states the basis for this lawsuit. If you dispute this amended complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received the summons, not counting the date you received it. (The address of each deputy clerk of the Superior Court is provided.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of services with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625-0971. A filing fee payable to the Clerk of the Superior Court and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $175.00 and completed Case Information Statement) if

1

you want the court to hear your defense.

If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live. A list of these offices is provided. If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A list of these numbers is also provided.

Dated: March 6, 2026     /s/ MICHELLE M. SMITH
              Clerk of the Superior Court

Name of defendant(s) to be served:  Givaudan Fragrances Corporation
               c/o CT Corporation System
               820 Bear Tavern Road
               West Trenton, NJ 08628

**ATLANTIC COUNTY:**
Deputy Clerk of the Superior Court
Civil Division, Direct Filing
1201 Bacharach Blvd., First Fl.
Atlantic City, NJ 08401

LAWYER REFERRAL
(609) 345-3444
LEGAL SERVICES
(609) 348-4200

**BERGEN COUNTY:**
Deputy Clerk of the Superior Court
Case Processing Section, Room 119
Justice Center, 10 Main St.
Hackensack, NJ 07601-0769

LAWYER REFERRAL
(201) 488-0044
LEGAL SERVICES
(201) 487-2166

**BURLINGTON COUNTY:**
Deputy Clerk of the Superior Court
Central Processing Office
Attn: Judicial Intake
First Fl., Courts Facility
49 Rancocas Road
Mt. Holly, NJ 08060

LAWYER REFERRAL
(609) 261-4862
LEGAL SERVICES
(609) 261-1088

**CAMDEN COUNTY:**
Deputy Clerk of the Superior Court
Civil Processing Office
1st Fl., Hall of Records
101 S. 5th Street
Camden, NJ 08103

LAWYER REFERRAL
(856) 964-4520
LEGAL SERVICES
(856) 964-2010

**CAPE MAY COUNTY:**
Deputy Clerk of the Superior Court
9 N. Main Street
Box DN-209
Cape May Court House, NJ 08210

LAWYER REFERRAL
(609) 463-0313
LEGAL SERVICES
(609) 465-3001

**CUMBERLAND COUNTY:**
Deputy Clerk of the Superior Court
Civil Case Management Office
Broad & Fayette Sts., P.O. Box 615
Bridgeton, NJ 08302

LAWYER REFERRAL
(856) 692-6207
LEGAL SERVICES
(856) 451-0003

**ESSEX COUNTY:**
Deputy Clerk of the Superior Court
50 West Market Street
Room 131
Newark, NJ 07102

LAWYER REFERRAL
(973) 622-6207
LEGAL SERVICES
(973) 624-4500

3

**GLOUCESTER COUNTY:**
Deputy Clerk of the Superior Court
Civil Case Management Office
Attn: Intake
First Fl., Court House
1 North Broad Street, P.O. Box 129
Woodbury, NJ 08096

LAWYER REFERRAL
(856) 848-4589
LEGAL SERVICES
(856) 848-5360

**HUDSON COUNTY:**
Deputy Clerk of the Superior Court
Superior Court, Civil Records Dept.
Brennan Court House – 1st Floor
583 Newark Avenue
Jersey City, NJ 07306

LAWYER REFERRAL
(201) 798-2727
LEGAL SERVICES
(201) 792-6363

**HUNTERDON COUNTY:**
Deputy Clerk of the Superior Court
Civil Division
65 Park Avenue
Flemington, NJ 08862

LAWYER REFERRAL
(908) 735-2611
LEGAL SERVICES
(908) 782-7979

**MERCER COUNTY:**
Deputy Clerk of the Superior Court
Local Filing Office, Courthouse
175 South Broad St., P.O. Box 8068
Trenton, NJ 08650

LAWYER REFERRAL
(609) 585-6200
LEGAL SERVICES
(609) 695-6249

**MIDDLESEX COUNTY:**
Deputy Clerk of the Superior Court
Administration Building
Third Floor
1 Kennedy Sq., P.O. Box 2633
New Brunswick, NJ 08903-2633

LAWYER REFERRAL
(732) 828-0053
LEGAL SERVICES
(732) 249-7600

**MONMOUTH COUNTY:**
Deputy Clerk of the Superior Court
Court House, 71 Monument Park
P.O. Box 1269
Freehold, NJ 07728-1262

LAWYER REFERRAL
(732) 431-5544
LEGAL SERVICES
(732) 866-0020

**MORRIS COUNTY:**
Deputy Clerk of the Superior Court
Civil Division
30 Schuyler Pl., P.O. Box 910
Morristown, NJ 07960-0910

LAWYER REFERRAL
(973) 267-5882
LEGAL SERVICES
(973) 285-6911

**OCEAN COUNTY:**
Deputy Clerk of the Superior Court
Court House, Room 119
118 Washington Street
Toms River, NJ 08754

LAWYER REFERRAL
(732) 240-3666
LEGAL SERVICES
(732) 341-2727

**PASSAIC COUNTY:**
Deputy Clerk of the Superior Court
Civil Division
Court House
77 Hamilton Street
Paterson, NJ 07505

LAWYER REFERRAL
(973) 278-9223
LEGAL SERVICES
(973) 345-7171

**SALEM COUNTY:**
Deputy Clerk of the Superior Court
92 Market St., P.O. Box 18
Salem, NJ 08079

LAWYER REFERRAL
(856) 935-5628
LEGAL SERVICES
(856) 451-0003

**SOMERSET COUNTY:**
Deputy Clerk of the Superior Court
Civil Division Office
New Court House, 3rd Fl.
P.O Box 3000
Somerville, NJ 08876

LAWYER REFERRAL
(908) 685-2323
LEGAL SERVICES
(908) 231-0840

**SUSSEX COUNTY:**
Deputy Clerk of the Superior Court
Sussex County Judicial Center
43-47 High Street
Newton, NJ 07860

LAWYER REFERRAL
(973) 267-5882
LEGAL SERVICES
(973) 383-7400

**UNION COUNTY:**
Deputy Clerk of the Superior Court
1st Fl., Court House
2 Broad Street
Elizabeth, NJ 07207-6073

LAWYER REFERRAL
(908) 353-4715
LEGAL SERVICES
(908) 354-4340

**WARREN COUNTY:**
Deputy Clerk of the Superior Court
Civil Division Office
Court House, 413 Second Street
Belvidere, NJ 07823-1500

LAWYER REFERRAL
(973) 267-5882
LEGAL SERVICES
(973) 475-2010

5

PASSAIC SUPERIOR COURT
PASSAIC COUNTY COURTHOUSE
77 HAMILTON STREET
PATERSON          NJ 07505

TRACK ASSIGNMENT NOTICE

COURT TELEPHONE NO. (973) 653-2910
COURT HOURS  8:30 AM - 4:30 PM

```
                         DATE:    MARCH 04, 2026
                         RE:      VELASCO VIRGINIA   VS GIVAUDAN ROURE CORPO RATION
                         DOCKET: PAS L -000802 26
```

     THE ABOVE CASE HAS BEEN ASSIGNED TO:  TRACK 4.

     DISCOVERY IS PRESUMPTIVELY 450 DAYS BUT MAY BE ENLARGED OR SHORTENED BY THE
JUDGE AND RUNS FROM THE FIRST ANSWER OR 90 DAYS FROM SERVICE ON THE FIRST
DEFENDANT, WHICHEVER COMES FIRST.
FROM SERVICE ON THE FIRST DEFENDANT, WHICHEVER COMES FIRST.

     THE MANAGING JUDGE ASSIGNED IS:  HON SCOTT J. BENNION

     IF YOU HAVE ANY QUESTIONS, CONTACT TEAM     002
AT:  (973) 653-2910 EXT 24379.

     IF YOU BELIEVE THAT THE TRACK IS INAPPROPRIATE YOU MUST FILE A
 CERTIFICATION OF GOOD CAUSE WITHIN 30 DAYS OF THE FILING OF YOUR PLEADING.
     PLAINTIFF MUST SERVE COPIES OF THIS FORM ON ALL OTHER PARTIES IN ACCORDANCE
WITH  R.4:5A-2.

```
                         ATTENTION:
                                   ATT: STEPHEN P. DE NITTIS
                                   DE NITTIS OSEFCHEN AND PRINCE
                                   5 GREENTREE CENTRE
                                   525 ROUTE 73 NORTH  STE 410
                                   MARLTON          NJ 08053
```

ECOURTS

# Civil Case Information Statement

## Case Details: PASSAIC | Civil Part Docket# L-000802-26

**Case Caption:** VELASCO VIRGINIA VS GIVAUDAN ROURE CORPO RATION

**Case Initiation Date:** 03/04/2026

**Attorney Name:** STEPHEN P DE NITTIS

**Firm Name:** DE NITTIS OSEFCHEN AND PRINCE PC

**Address:** 5 GREENTREE CENTRE 525 ROUTE 73 NORTH STE 410

MARLTON NJ 08053

**Phone:** 8567979951

**Name of Party:** PLAINTIFF : Virginia Velasco

**Name of Defendant's Primary Insurance Company (if known):** Unknown

**Case Type:** ENVIRONMENTAL/ENVIRONMENTAL COVERAGE LITIGATION

**Document Type:** Complaint with Jury Demand

**Jury Demand:** YES - 12 JURORS

**Is this a professional malpractice case?** NO

**Related cases pending:** NO

**If yes, list docket numbers:**

**Do you anticipate adding any parties (arising out of same transaction or occurrence)?** NO

**Does this case involve claims related to COVID-19?** NO

**Are sexual abuse claims alleged by:** Virginia Velasco? NO

## THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE

CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** NO

**If yes, is that relationship:**

**Does the statute governing this case provide for payment of fees by the losing party?** YES

**Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:**

**Do you or your client need any disability accommodations?** NO
**If yes, please identify the requested accommodation:**

**Will an interpreter be needed?** NO
**If yes, for what language:**

**Please check off each applicable category:** Putative Class Action? YES  Title 59? NO  Consumer Fraud? NO  Medical Debt Claim? NO

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

03/04/2026
Dated

/s/ STEPHEN P DE NITTIS
Signed

**DeNITTIS OSEFCHEN PRINCE, P.C.**
Stephen P. DeNittis, Esq. (031981997)
Joseph A. Osefchen, Esq. (024751992)
Shane T. Prince, Esq. (022412002)
James A. Barry, Esq. (027512008)
525 Route 73 North, Suite 410
Marlton, New Jersey 08053
SDenittis@Denittislaw.com
JOsefchen@Denittislaw.com
SPrince@Denittislaw.com
JBarry@Denittislaw.com
(856) 797-9951

*Attorneys for Plaintiff and the Putative Class*

| | |
|---|---|
| VIRGINIA VELASCO, on behalf of herself, and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>GIVAUDAN ROURE CORPORATION; GIVAUDAN FRAGRANCES CORPORATION; ABC Corporations (1-10); DEF Corporations (1-10); and JOHN and/or JANE DOES (1-10),<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY PASSAIC COUNTY LAW DIVISION<br><br>Docket No.:<br><br>CIVIL ACTION<br><br>**PLAINTIFF'S CLASS ACTION COMPLAINT AND JURY DEMAND FOR TRIAL** |

Plaintiff Virginia Velasco, by counsel and on behalf of herself and other similarly situated, individually and as class representatives, for their Class Action Complaint against Defendants Givaudan Roure Corporation, Givaudan Fragrances Corporation, ABC Corporations (1-10), DEF Corporations (1-10) and JOHN and/or JANE DOES (1-10) ("Givaudan" or "Defendants"), alleges, upon information and belief, as follows:

## INTRODUCTION

1. This is a class action filed by Plaintiff Virginia Velasco ("Plaintiff") on her own behalf and on behalf of all others similarly situated ("Class Members") against Defendant for

1

property damages stemming from environmental contamination on and migrating from the former manufacturing site located at 125 Delawanna Avenue, Clifton, New Jersey. (hereinafter "Site") which was owned and/or operated by Defendants.

2.     Plaintiff and Class Members are owners of properties within proximity to the Site and suffer from property damages caused by Defendants' discharges of various hazardous substances, including but not limited to 1) 1,1 dichloroethane; (2) benzene; (3) TCE; (4) vinyl chloride; (5) arsenic; (7) Beryllium; (8) lead; and (9) zinc.

3.     By a uniform letter dated on or about 2021, Plaintiff and the Class Members were notified that their properties were located above groundwater contaminated by Defendants' activities at the Site and, as a result of that contamination, are contained within the boundaries of related Classification Exception Areas ("CEA[s]") for an indeterminate amount of time.

4.     The implementation of the CEAs placed restrictions upon the properties contained within them and, to comply with N.J.A.C. 13:45a-29.1(d), Plaintiff and Class Members are now required to disclose the CEAs to potential purchasers if they decide to sell their properties.

5.     The ongoing environmental damage and implementation of the CEAs caused by Defendants in connection with their operations at the Site has caused and continues to cause Plaintiff and the Class Members severe harm and damage to the value of their respective properties.

### THE PARTIES

6.     Plaintiff, Virginia Velasco, ("Plaintiff") is the owner and current resident of 52 Jefferson Street, Clifton. Plaintiff obtained her property on or about December 19, 2007.

7.     Defendant Givaudan Roure Corporation is a corporation organized and existing under the laws of the State of New Jersey, which manufactured fragrances and other specialty products at the Site located at 125 Delawanna Avenue, City of Clifton, Passaic County, New Jersey

2

from 1924 until 1998 during which time Defendant Givaudan Roure Corporation maintained its principal place of business at 125 Delawanna Avenue, City of Clifton, Passaic County, New Jersey.

8.      Defendant Givaudan Fragrances Corporation is a corporation organized and existing under the laws of the State of Delaware, with a principal place of business located at 300 Waterloo Valley Road, Budd Lake, New Jersey. Givaudan manufactured fragrances and other specialty products at the Site located at 125 Delawanna Avenue, City of Clifton Passaic County, New Jersey.

9.      Upon information and belief, a series of corporate transactions resulted in the transfer of all assets and liabilities related to Defendant Givaudan Roure Corporation's fragrances businesses, including environmental liabilities related to the Site to Defendant Givaudan Fragrances Corporation.

10.      Defendant ABC Corporations 1 through 20, are the fictitious names of corporate entities, including predecessor and successor entities of Defendants, manufacturers, distributors, facilitators, environmental consultants, contractors, haulers and successors, predecessors, divisions and subsidiaries thereof who, in any way, contributed to the contamination and/or pollution or concealment of knowledge thereof, or improper remediation thereof, in Clifton, New Jersey, and the surrounding areas, whose identities are not presently known to Plaintiff.

11.      Defendant DEF Corporations 1 through 20, are the fictitious entities of those polluters and contributors who, in any way, contributed to the contamination and/or pollution or concealment of knowledge thereof in Clifton, New Jersey, and the surrounding areas, whose identities are not presently known to Plaintiff.

12.      Defendant John and/or Jane Does 1 through 20, are the fictitious names of those

3

entities or persons, who, in any way, contributed to the contamination and/or pollution or concealment of knowledge thereof in Clifton, New Jersey, and the surrounding areas, whose identities are not presently known to Plaintiff.

13.     At all times relevant hereto, Defendants purposefully availed themselves of and regularly conducted business in New Jersey by way of operations at the Site and had sufficient minimal contacts therewith that maintenance of suit against them in New Jersey does not offend traditional notions of fair play and substantial justice.

## JURISDICTION AND VENUE

14.     This Court has personal jurisdiction over Defendants as their principal place of business is in the State and they regularly conduct business in the State of New Jersey.

15.     Venue in this Court is proper as Defendants regularly conduct business in Passaic County and the Site at issue is located in Passaic County.

## FACTUAL ALLEGATIONS

16.     In or about 2021 Plaintiff and other property owners were notified for the first time that the groundwater under their properties was contaminated and their property was now contained within a Classification Exception Area ("CEA") which restricted their ability to access the groundwater under their properties. The existence of the CEA is a fact which must be disclosed to potential buyers should Plaintiff or Class Members decide to sell their homes.

17.     Prior to receiving the uniform letter in 2021, Plaintiff and other property owners within the CEA had no notification that their property was contaminated or that their use of the groundwater under their property was in any way limited.

4

18.     The Site is a former manufacturing site of Givaudan and/or its predecessors which was in operation from approximately 1924 until 1998 and was located at 125 Delawanna Avenue, City of Clifton, Passaic County, New Jersey.

19.     During its operations at the property, Defendant and/or its predecessor corporate entities manufactured a variety of flavors, fragrances and specialty chemicals, producing approximately 10 million pounds per year of approximately 600 different products which were blended into approximately 2,000 separate formulations.

20.     Defendant knew, during its operations at the Site, that it had installed insufficient sewer systems and wastewater management practices, and that its maintenance of those improper systems and practices was causing contamination of groundwater and soils at the Site.

21.     Givaudan's general facility operations, product spills, and wastewater discharges at the Site caused the contamination on and migrating from the Site.

22.     Givaudan's conduct resulted in contamination of groundwater under the class area with pollutants including: (1) 1,1 dichloroethane; (2) benzene; (3) TCE; (4) vinyl chloride; (5) arsenic; (7) Beryllium; (8) lead; and (9) zinc.

23.     TCE is a known human carcinogen and acute (short-term) and chronic (long-term) inhalation exposure to TCE can affect the human central nervous system, causing symptoms such as dizziness, headaches, confusion, euphoria, facial numbness, and weakness. Liver, kidney, immunological, endocrine, and developmental effects have also been reported in humans and epidemiological studies have linked TCE exposure to be associated with cancers of the kidney, liver, cervix, and lymphatic system.[1]

---

[1] U.S. Environmental Protection Agency, *Trichloroethylene*, June 2019, https://www.epa.gov/sites/default/files/2016-09/documents/trichloroethylene.pdf (Last Accessed: March 2, 2026); *see also* Agency for Toxic Substances and Disease Registry, *ToxFAQs™ for Trichloroethylene*, June 21, 2020, https://wwwn.cdc.gov/TSP/ToxFAQs/ToxFAQsDetails.aspx?faqid=172&toxid=30#:~:text=The%20Department%2

5

24.     "Vinyl Chloride is a carcinogen in humans. It has been shown to cause liver, brain, lung and other types of cancer." Vinyl chloride may also cause harm in the reproductive systems of humans, including potential damage to developing fetus and "it should be treated as a possible teratogen in humans." There is "evidence that vinyl chloride may damage the male reproductive system (including decreasing the sperm count) and may affect male fertility." Further, an "excess of spontaneous abortions have been reported among spouses of workers who have been exposed to vinyl chloride.... Prolonged or repeated exposure can damage the liver, nervous system and lungs. Repeated exposure can cause a disease called 'scleroderma.' This causes the skin to become very smooth, tight and shiny. It causes the bones of the fingers to erode (acro-osteolysis), and damages the blood vessels in the hands or feet (Raynoud's syndrome). This causes the fingers or toes to turn numb pale or blue, with even mild cold exposure."[2]

25.     Benzene is a known human carcinogen. Acute (short-term) inhalation exposure of humans to benzene may cause drowsiness, dizziness, headaches, as well as eye, skin, and respiratory tract irritation, and, at high levels, loss of consciousness. Chronic (long-term) inhalation exposure has caused various blood disorders, including reduced numbers of red blood cells and aplastic anemia. Reproductive effects have been reported for women exposed by inhalation at high levels, and adverse and increased incidence of leukemia (cancer of the tissues that form white blood cells) have been observed in humans exposed to benzene[3].

---

0of%20Health%20and,by%20all%20routes%20of%20exposure (Last Accessed:  March 2, 2026).

[2] New Jersey Department of Health, *Hazardous Substance Fact Sheet: Vinyl Chloride*, October 2015, https://nj.gov/health/eoh/rtkweb/documents/fs/2001.pdf (last accessed March 2, 2026)

[3] U.S. Environmental Protection Agency, *Benzene*, September 2016, https://www.epa.gov/sites/default/files/2016-09/documents/benzene.pdf (Last Accessed: March 2, 2026); *see also* Agency for Toxic Substances and Disease Registry, *Benzene*, October 14, 2015, https://wwwn.cdc.gov/TSP/substances/ToxSubstance.aspx?toxid=14 (Last Accessed: March 2, 2026).

26.     1,1 Dichloroethane "may be a carcinogen in humans since it has been shown to cause liver, circulatory and mammary gland cancer in animals...prolonged contact can cause burns, thickening and cracking of the skin...".[4]

27.     On or about August 18, 2021 Givaudan submitted a proposal to create Classification Exception Areas (CEAs) and proposed Remedial Action Permit for the groundwater contamination under the Facility.

28.     Defendants' contamination of the groundwater was the direct cause of the creation of the CEA and the notification of property owners that their properties were contained within a CEA.

29.     In New Jersey, CEAs serve as an institutional control that notifies impacted property owners that ground water pollution caused by a discharge of hazardous substances exists on their property.

30.     In or about 2021, Defendant and/or their agent on Defendants' behalf sent a uniform letter to Plaintiff via U.S. Mail notifying her that her property is located within the proposed boundaries of the CEA. Said notification identified the "Site Name" of the CEA as the "Former Givaudan Fragrances Corporation Facility".

31.     To comply with N.J.A.C. 13:45a-29.1(d) in any future sale of their properties, Plaintiff and Class Members within the boundaries of the CEA are required to complete a Property Condition Disclosure Form ("Seller Disclosure Form") that discloses the CEA to potential purchasers, thereby reducing the value of Plaintiff's and the Class Members' properties.

32.     As a result of the CEA, when completing the "Environmental Hazards" section of the Seller Disclosure Form, Plaintiff and the Class Members are required to:

---

[4] New Jersey Department of Health, *Hazardous Substance Fact Sheet: 1,1-Dichlorothane*, September 2008, https://nj.gov/health/eoh/rtkweb/documents/fs/0651.pdf (Last Accessed: March 2, 2026)

a. Disclose they received written notification informing them that their properties are adversely affected by a condition that exists on, or in the vicinity of, their properties; and

b. Disclose they are aware of a condition that exists on, or in the vicinity, of their properties which adversely affects, the quality or safety of the air, soil, water, and/or physical structures present on their properties.

## CLASS ACTION ALLEGATIONS

33.   Plaintiff files this Class Action, pursuant to Rule 4:32, on behalf of herself and other similarly situated Class Members.

34.   Plaintiff seeks to certify the following class defined as:

**Property Damages Class:**

All persons who own or owned any residential property and/or vacant lots zoned for residential as contained within the list of properties contained in Exhibit A (the "Class Area"), which were sent uniform notice of the CEA.

Excluded from the class are (i) properties owned by Defendants, and (ii) properties owned by any federal, state, or local government or any subdivision of such government entities.

35.   To the extent revealed by discovery and investigation, there may be additional appropriate classes and/or subclasses from the above class definition which are broader and/or narrower in time or scope.

36.   Excluded from the class are Defendants' officers, directors, agents, employees, and members of their immediate families; and the judicial officers to whom this case is assigned, their staff, and the members of their immediate families.

37.   Plaintiff's and Class Members' properties have and continue to be exposed to toxic and hazardous substances at, around, and migrating from the Site.

8

38.     The number of Class Members is so numerous that joining all members is impractical.

39.     There are at least 40 Class Members and therefore the Class is sufficiently numerous to warrant certification.

40.     There are common questions of law and fact that affect the rights of every Class Member, and the types of relief sought are common to every Class Member. The same conduct by Defendants has injured each Class Member. Common questions of law and/or fact common to all Class Members include, but are not limited to:

    a.  Whether Defendants through their acts or omissions, proximately caused hazardous substances to be released at the Site and into the Class Area.

    b.  Whether Defendants were grossly negligent and/or negligent in their handling, storing, transporting, use, release, discharge, emission, disposal and/or failure to properly investigate, remediate and abate hazardous substances.

    c.  Whether Defendants were grossly negligent and/or negligent in their handling, storing, transporting, use, disposal and/or failure to properly investigate, identify, remediate and abate hazardous substances at the Site and in the Class Area.

    d.  Whether Defendants were grossly negligent and/or negligent in their handling, storing, transporting, use, disposal and/or failure to properly disclose the presence of hazardous substances at the Site and in the Class Area.

    e.  Whether Defendants violated applicable standards concerning handling, storing, transporting, use, release, discharge, emission, disposal and/or failure to investigate and remediate the hazardous substances at the Site and in the Class Area.

f.  Whether Defendants releasing, discharging, emitting or depositing of hazardous substances onto and/or under Plaintiff's and Class Members' properties in the Class Area, or their failure to remove or abate such contaminants from the properties in the Class Area, constitutes a private nuisance.

g.  Whether Defendants releasing, discharging, emitting or depositing hazardous substances onto and/or under the properties in the Class Area, or their failure to remove such contaminants, constitutes a trespass.

h.  Whether Defendants releasing, discharging, emitting, or depositing hazardous substances onto and/or under the properties in the Class Area, and/or their failure to remove such contamination, and/or concealing knowledge of same, constitutes an abnormally dangerous, ultrahazardous, and inherently or intrinsically dangerous activity.

i.  Whether Defendants releasing, discharging, emitting, or depositing hazardous substances onto and/or under the properties in the Class Area, and/or their failure to remove such contamination, and/or concealing knowledge of same, constitutes unjust enrichment.

j.  Whether, as a proximate result of the contamination and exposure to Defendants' hazardous substances, there has been a diminution in value of the properties located within the Class Area.

41.  These questions of law and/or fact are common to the Class and predominate over any questions affecting only individual class members.

42.  The claims of Plaintiff are typical of the claims of the Class as required in that all claims are based upon the same factual and legal theories. It is the same conduct by Defendants

10

that has injured each Class Member. The principal issue in this matter involves Defendants' conduct in wrongfully handling, storing, transporting, using, releasing, discharging, emitting, disposing and/or failing to remediate the hazardous substances discharged at the Site, which impacts all Class Members.

43.     Plaintiff will fairly and adequately represent and protect the interests of the Class. Plaintiff has retained counsel with substantial experience in the prosecution of class actions and environmental litigation in New Jersey. Plaintiff and their counsel are committed to the vigorous prosecution of this action on behalf of the Class Members and have the financial resources to do so. Neither Plaintiff nor counsel has any interest adverse to those of the Class.

44.     Class certification is appropriate because the prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications that would establish incompatible standards of conduct for Defendants and/or because adjudications respecting individual members of the Class would, as a practical matter, be dispositive of the interests of the other members or would risk substantially impairing or impending their ability to prosecute their interests.

45.     Plaintiff and the Class Members have suffered, and will continue to suffer, harm and damages as a result of Defendants' unlawful and wrongful conduct in failing to properly identify, disclose, and remediate hazardous substances that migrated into the Class Area.

46.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

47.     Absent a class action, most Class Members likely would find the cost of litigating their claims to be prohibitive and will have no effective remedy at law. The class treatment of common questions of law and fact is also superior to multiple individual actions or piecemeal

11

litigation in that it conserves the resources of the courts and the litigants and promotes consistency and efficiency of adjudication.

48.     Class certification is also appropriate because this Court can designate particular claims or issues for class-wide treatment and may designate one or more subclasses.

49.     Maintenance of this action as a class action is a fair and efficient method for adjudication of this controversy. It would be impracticable and undesirable for each Class Member who has suffered harm to bring a separate action.

50.     In addition, the maintenance of separate actions would place a substantial and unnecessary burden on the courts and could result in inconsistent adjudications, while a single class action can determine, with judicial economy, the rights of all Class Members.

51.     The monetary damages sought on behalf of the Class are readily calculated and attributable to Class Members.

52.     Plaintiff and the Class Members were not in any way responsible for the discharged hazardous substances and resulting CEA(s) subject of this action.

53.     In order to avoid any ambiguity, this case does not seek to bring any claims for personal injury resulting from exposure to the substances herein identified, either on an individual basis or on behalf of the class.

## COUNT I
## PRIVATE NUISANCE

54.     Plaintiff repeats all of the allegations set forth in the preceding paragraphs as if fully set forth herein.

55.     Defendants' past, present and/or continuing acts and/or omissions constitute a nuisance in that it used, have used, and/or continue to use the Site in a manner, or otherwise acted in a manner, that has resulted in an unreasonable burden and interference on the Plaintiff and the

Class Members in the form of inconvenience, annoyance, and discomfort incidental to Defendants' hazardous substances on and/or under their properties.

56.     Defendants' release, discharge, handling, storage, transportation, processing, disposal and failure to identify, disclose and remediate their hazardous substances constitutes a nuisance in that it has used and/or continues to use its property, or otherwise acted in a manner, that has resulted in an unreasonable burden and interference on the property rights of Plaintiff and the Class Members including but not limited to, the rightful use and quiet enjoyment thereof, the ability to gain and profit economically from the property and damage and stigma to said property.

57.     Defendants' past, present and/or continuing activities, acts and/or omissions at and near the Site constitute a private nuisance resulting in unreasonable interference with Plaintiff's and the Class Members' right to the exclusive use and quiet enjoyment of their properties through the migration of hazardous substances onto and/or under their properties and the surrounding environment, thereby exposing Plaintiff's and the Class Members' properties to hazardous substances and substantially interfering with Plaintiff's and the Class Members' free use and quiet enjoyment of their properties.

58.     Defendants' past, present and/or continuing acts and/or omissions, resulting in the discharge of hazardous substances onto and/or under and/or failure to remove or properly investigate and remediate those hazardous substances, and allowing such contamination to migrate onto Plaintiff's and the Class Members' properties and surrounding environment, constitutes a nuisance in that Defendants used the Site, or otherwise acted in a manner, that has unreasonably interfered with Plaintiff's and the Class Members' property interests.

59.     Defendants' contamination presently impacts Plaintiff and the Class Members, causes a diminution in their respective property values, is a blight on Plaintiff's and Class

Members' community, causes annoyance, interference and inconvenience and deprives Plaintiff of their free use and quiet enjoyment of their property, including, but not limited to, the inability to fully use, enjoy and recreate on their outdoor spaces, and freely perform certain work and repairs on their property.

60.    In the alternative, Defendants' release, discharge, disposal of and/or failure to remove hazardous substances from residential areas, including Plaintiff's and the Class Members' property, violates applicable standards and/or regulations, which constitutes a nuisance.

61.    Defendants knew that the invasion of contaminants onto and/or under Plaintiff's and the Class Members' properties was substantially certain to result from their respective actions and/or omissions, as aforesaid.

62.    This interference with Plaintiff's and the Class Members' use and quiet enjoyment of their property is substantial, unreasonable, unwarranted, and unlawful.

63.    As a result of Defendants' respective wrongful acts and omissions as described above, Plaintiff's and the Class Members' properties have suffered exposure to hazardous substances causing annoyance, inconvenience, discomfort, displacement, and economic loss for which damages are justified.

64.    As a direct and proximate result of Defendants' respective misconduct as described above, Plaintiff and the Class Members have suffered and continue to suffer economic losses and the loss of value to their property and other damages.

65.    The nuisance that Defendants created is a continuing nuisance in that it has continued and remains unabated while remediation at the Site is ongoing as of the filing of this Complaint.

66. Separate and apart from acting negligently, at all relevant times Defendants, caused injury and damages to the Plaintiff and Class Members and/or their properties through acts and omissions committed with actual malice and/or accompanied by a wanton and willful disregard of property owners which foreseeably might be impacted by such acts or omissions.

67. Defendants, despite their knowledge of the serious environmental effects associated with hazardous substances released, discharged, stored, handled, processed, disposed, emitted, and failed to properly investigate and remediate said contaminants from the surrounding environment, while failing to warn residents of the migration of such contaminants.

68. As a direct and proximate result of the acts and omissions of Defendants, Plaintiff and the Class Members lost the beneficial use, quiet enjoyment and exclusive possession of their property, suffered inconvenience, annoyance, aggravation, and/or disruption of daily activities resulting in a loss in the quality of their lives; and their property has declined in value as a result of the contamination, stigma and specter of contamination in the future.

**WHEREFORE**, Plaintiff demands judgment against Defendants, their principals, agents, employees, servants and/or representatives for compensatory damages, interest, economic and non-economic damages, punitive damages, cost of suit and such other relief as the Court may deem just and equitable.

## COUNT II
## STRICT LIABILITY

69. Plaintiff repeats and re-allege all of the allegations set forth in the preceding paragraphs as if fully set forth herein.

70. Defendants, by generating, discharging, releasing, emitting, and dispersing hazardous substances into the Class Area, and allowing those contaminants and pollutants to remain in the environment, and/or concealing knowledge of same, have engaged in abnormally

15

dangerous, ultrahazardous, and inherently or intrinsically dangerous activities for which it and its successors are strictly liable to the Plaintiff and the Class Members.

71.    The risks posed by Defendants' release(s), and failure to properly investigate, delineate, identify, disclose, and remediate their hazardous substances in a densely populated area could not be eliminated by the exercise of reasonable care and no safe way exists to dispose of toxic waste by simply releasing it onto land in such a populated area.

72.    There is no safe way to dispose of, and allow to remain, the hazardous substances in the Class Area, which is in a densely populated area, given the volumes of hazardous substances found on and migrating from the Site.

73.    The discharges of, and failure to properly remediate, dangerous hazardous substances into the environment is a critical societal problem in New Jersey, and thus, the value of Defendants' activities, if any, is substantially outweighed by the serious health and environmental problems caused by them.

74.    Separate and apart from acting negligently, Defendants, at all relevant times, caused injury and damages to the Plaintiff and Class Members and/or their properties through acts and omissions committed with actual malice and/or accompanied by a wanton and willful disregard of property owners who foreseeably might be impacted by such acts or omissions.

75.    Defendants, despite their knowledge of the serious health and environmental effects associated with exposure to the hazardous substances it released, discharged, stored, handled, processed, disposed, emitted, and failed to properly investigate identify, disclose, and remediate said contaminants from the surrounding environment, while failing to warn residents of the dangers of such contaminants.

16

76.     As a direct and proximate result of the acts and omissions of Defendants, Plaintiff and the Class Members lost the beneficial use, quiet enjoyment and exclusive possession of their properties, and suffered inconvenience, annoyance, aggravation, and/or disruption of daily activities resulting in a loss in the quality of their lives; and Plaintiff's and the Class Members' properties in the Class Area have declined in value as a result of the contamination, stigma and specter of contamination in the future.

**WHEREFORE**, Plaintiff demands judgment against Defendants, their principals, agents, employees, servants and/or representatives for compensatory damages, interest, economic and non-economic damages, punitive damages, cost of suit and such other relief as the Court may deem just and equitable.

**COUNT III**
**TRESPASS**

77.     Plaintiff repeats and re-allege all of the allegations set forth in the preceding paragraphs as if fully set forth herein.

78.     Defendants' respective wrongful conduct, as set forth above, resulted in the direct physical invasion of Plaintiff's and the Class Members' properties by hazardous and toxic substances contaminating their properties and the surrounding environment at concentrations above safe levels, requiring remediation.

79.     Defendants, by generating, discharging, releasing, emitting and dispersing hazardous substances into the Class Area, and by failing to properly remediate and allowing those contaminants and pollutants to remain in the environment, and/or concealing knowledge of same, caused the direct physical invasion of Plaintiff's and the Class Members' properties by hazardous and toxic substances contaminating their properties and the surrounding environment at concentrations above safe levels, requiring remediation.

17

80. The hazardous and toxic substances continue to contaminate Plaintiff's and the Class Members' properties, thereby exposing Plaintiff's and the Class Members' properties to the hazardous substances.

81. The invasion and exposure to Defendants' hazardous substances is ongoing and continuous.

82. The presence of hazardous substances on Plaintiff's and the Class Members' properties is unauthorized and unreasonable.

83. Defendants have not sought or obtained Plaintiff's and the Class Members' consent to place or store their substances and wastes onto and/or under Plaintiff's and the Class Members' properties.

84. As a direct and proximate result of Defendants' misconduct as set forth herein, Plaintiff and the Class Members have suffered and continue to suffer economic losses, loss of use and quiet enjoyment of their property; annoyance, discomfort, and inconvenience; the loss of value to their properties and other damages.

85. Separate and apart from acting negligently, Defendants, at all relevant times, caused damage to the Plaintiff and the Class Members and/or their properties through acts and omissions committed with actual malice and/or accompanied by a wanton and willful disregard of property owners who foreseeably might be impacted by such acts or omissions.

86. Defendants, despite their knowledge of the serious health and environmental effects associated with exposure to hazardous substances, released, discharged, stored, handled, processed, disposed, emitted, and failed to properly investigate and remediate said contaminants from the surrounding environment, while failing to warn residents of the migration of such contaminants.

18

87.    Defendants, despite orders from environmental regulators and its knowledge of the serious health and environmental effects associated with exposure to such contaminants, and despite orders from environmental regulators, masked the true extent of contamination, thereby enabling them to avoid taking all appropriate steps to properly remediate the hazardous substances, or to mitigate the dangers created by such contaminants in the Class Area.

**WHEREFORE**, Plaintiff demands judgment against Defendants, their principals, agents, employees, servants and/or representatives for compensatory damages, interest, economic and non-economic damages, punitive damages, cost of suit and such other relief as the Court may deem just and equitable.

<u>**COUNT IV**</u>
<u>**GROSS NEGLIGENCE**</u>

88.    Plaintiff repeats and re-alleges all of the allegations set forth in the preceding paragraphs as if fully set forth herein.

89.    Defendants, at all times material hereto, acted through their officers, employees, and agents, who in turn acted in the scope of their authority and employment in furtherance of the business of Defendants.

90.    As a direct and proximate result of Defendants' grossly negligent acts and omissions, as aforesaid, extensive contamination has been documented on Plaintiff's and Class Members' properties in the Class Area.

91.    At all relevant times, Defendants knew, or should have known, that the hazardous and toxic substances released, emitted, and discharged from its operations were contaminating the soil and groundwater of the Class Area and would eventually migrate onto and/or under Plaintiff's and Class Members' properties and surrounding environment.

19

92.    As a direct and proximate result of Defendants' misconduct as set forth herein, Plaintiff and the Class Members have suffered and continue to suffer economic losses, loss of use and quiet enjoyment of their property; annoyance, discomfort, and inconvenience; the loss of value to their property and other damages.

93.    At all relevant times, Defendants had a duty to operate, and/or remediate the Site in a reasonable, safe and prudent manner, so as to safeguard those foreseeable persons, including Plaintiff, and the Class Members present in the Class Area, from property damage caused by the discharge of hazardous substances into the environment which migrated onto and/or under said properties and to warn the owners of said properties of the dangers and existence of those hazardous substances.

94.    At all relevant times, Defendants breached their duties of care by failing to safely and properly remove and remediate their hazardous substances and failed to advise or warn Plaintiff and the Class Members of the discharges and migration of hazardous substances onto and/or under their properties.

95.    Defendants failed to use reasonable care to safeguard those residing on nearby properties from damage, including Plaintiff and Class Members within the Class Area.

96.    As a result of grossly negligent acts and omissions, contamination was documented as being present on and/or under Plaintiff's and the Class Members' properties, and in the surrounding area, and the community within the Class Area.

97.    The acts and omissions of Defendants in failing to timely and adequately disclose, contain and remediate the hazardous substances discharged at the Site and migrating off-site was a significant contributing factor to Plaintiff's and Class Members' properties becoming impacted by these hazardous substances thereby causing damage to said properties in the Class Area and infringing on Plaintiff's and the Class Members' quality of life and quiet enjoyment of their

20

property.

98. As a direct and proximate result of Defendants' acts and omissions, Plaintiff and the Class Members lost the beneficial use, quiet enjoyment and exclusive possession of their property, and suffered inconvenience, annoyance, aggravation, and/or disruption of daily activities resulting in a loss in the quality of their lives and their properties have declined in value as a result of the contamination, stigma and specter of contamination in the future.

99. Separate and apart from acting negligently, at all relevant times the Defendants caused damage to the Plaintiff and Class Members and/or their properties through acts and omissions committed with actual malice and/or accompanied by a wanton and willful disregard of property owners who foreseeably might be impacted by such acts or omissions.

100. Defendants, despite their knowledge of the serious health and environmental effects associated with exposure to the hazardous substances, released, discharged, stored, handled, processed, disposed, emitted, and failed to properly contain, investigate, and remediate said contaminants from the surrounding environment, while failing to warn residents of the migration of such contaminants.

101. Defendants, despite their knowledge of the serious health and environmental effects associated with exposure to such contaminants, and despite orders from environmental regulators, masked the true extent of contamination, thereby enabling them to avoid taking all appropriate steps to properly remediate the hazardous substances, or to mitigate the dangers created by such contaminants in the Class Area.

**WHEREFORE**, Plaintiff demands judgment against Defendants, their principals, agents, employees, servants and/or representatives for compensatory damages, interest, economic and non-economic damages, punitive damages, cost of suit and such other relief as the Court may deem just and equitable.

21

## COUNT V
## NEGLIGENCE

102.   Plaintiff repeats and re-alleges all of the allegations set forth in the preceding paragraphs as if fully set forth herein.

103.   Defendants, at all times material hereto, acted through their officers, employees, and agents, who in turn acted in the scope of their authority and employment in furtherance of the business of Defendants.

104.   As a direct and proximate result of Defendants' acts and omissions, as aforesaid, extensive contamination has been documented on and/or under Plaintiff's and Class Members' properties located in the Class Area.

105.   At all relevant times, Defendants knew, or should have known, that the hazardous substances released, emitted, and discharged from its operations were contaminating the Class Area and would eventually enter onto and/or under Plaintiff's and Class Members' properties and the surrounding environment.

106.   As a direct and proximate result of Defendants' misconduct as set forth herein, Plaintiff and the Class Members have suffered and continue to suffer economic losses, loss of use and quiet enjoyment of their property; annoyance, discomfort, and inconvenience; the loss of value to their property and other damages.

107.   At all relevant times, Defendants had a duty to operate, and/or remediate, the Site in a reasonable, safe and prudent manner, so as to safeguard those foreseeable property owners in the Class Area from property damage caused by the discharge of hazardous and toxic substances into the environment which migrated onto and/or under said properties and to warn the owners of said properties of the dangers and existence of said discharges and migration.

108. At all relevant times, Defendants knew, or should have known, that the hazardous substances discharged were contaminating the environment at the Site which migrated onto and/or under the surrounding areas, including Plaintiff's and the Class Members' properties in the Class Area.

109. At all relevant times, Defendants breached their duties of care by failing to safely and properly remove and remediate their hazardous substances and failed to advise or warn Plaintiff and the Class Members of the dangers migrating from the discharge of hazardous substances into the environment.

110. Defendants failed to use reasonable care to safeguard owners of nearby properties from damage, including Plaintiff and Class Members within the Class Area.

111. As a result of Defendants' acts and omissions, contamination was documented as being present on, and/or under Plaintiff's and the Class Members' properties and in the surrounding area.

112. Defendants' acts and omissions in failing to timely and adequately disclose, contain and remediate the hazardous substances discharged at the Site, was a significant contributing factor to contamination migrating onto and/or under Plaintiff's and Class Members' properties in the Class Area thereby causing damage to said properties and infringing on Plaintiff's and Class Members' quality of life and quiet enjoyment of their properties.

113. As a direct and proximate result of the acts and omissions of Defendants, Plaintiff and the Class Members lost the beneficial use, quiet enjoyment and exclusive possession of their property, and suffered inconvenience, annoyance, aggravation, and/or disruption of daily activities resulting in a loss in the quality of their lives; and Plaintiff's and the Class Members' properties in the Class Area have declined in value as a result of the contamination, stigma and specter of contamination in the future.

23

114.     Separate and apart from acting negligently, Defendants, at all relevant times, caused damage to the Plaintiff and Class Members and/or their properties through acts and omissions committed with actual malice and/or accompanied by a wanton and willful disregard of property owners who foreseeably might be harmed by such acts or omissions.

115.     Defendants, despite their knowledge of the serious health and environmental effects associated with exposure to the hazardous substances it released, discharged, stored, handled, processed, disposed, emitted, and failed to properly contain, investigate and remediate said contaminants from the surrounding environment, while failing to warn residents of the migration of such contaminants.

116.     Defendants, despite their knowledge of the serious health and environmental effects associated with exposure to such contaminants, and despite orders from environmental regulators, masked the true extent of contamination, thereby enabling them to avoid taking all appropriate steps to properly remediate the hazardous substances, or to mitigate the dangers created by such contaminants in the Class Area.

**WHEREFORE**, Plaintiff demands judgment against Defendants, their principals, agents, employees, servants and/or representatives for compensatory damages, interest, economic and non-economic damages, punitive damages, cost of suit and such other relief as the Court may deem just and equitable.

## COUNT VI
## UNJUST ENRICHMENT

117.     Plaintiff repeats and re-alleges all of the allegations set forth in the preceding paragraphs as if fully set forth herein.

24

118. Defendants, at all times material hereto, acted through their officers, employees, and agents, who in turn acted in the scope of their authority and employment in furtherance of the business of Defendants.

119. Defendants have been enriched by their acts and omissions, which allowed hazardous substances to be discharged onto and/or under Plaintiff's and the Class Members' properties in the Class Area.

120. These acts and omissions allowed Defendants to save hundreds, thousands, and millions of dollars in costs that they should have expended in order to properly contain and control the hazardous substances on and migrating from the Site.

121. Defendants lack any legal justification for permitting their hazardous substances to migrate from their property and enter onto and/or under Plaintiff's and the Class Members' properties in the Class Area at Plaintiff's and the Class Members' expense.

122. No other remedy at law can adequately compensate Plaintiff and the Class Members for the damages occasioned by Defendants' conscious choice to use hazardous substances at the Site, and release and discharge such substances which migrated onto and/or under Plaintiff and Class Members' properties in order to save the expenses of properly disposing of, controlling and containing such hazardous substances.

123. Defendants, despite their knowledge of the serious health and environmental effects associated with exposure to such contaminants, and despite orders from environmental regulators, masked the true extent of contamination, thereby enabling them to avoid taking all appropriate steps to properly remediate the hazardous substances, or to mitigate the damages created by such contaminants in the Class Area.

**WHEREFORE**, Plaintiff demands judgment against Defendants, their principals, agents,

employees, servants and/or representatives for compensatory damages, interest, economic and non-economic damages, punitive damages, cost of suit and such other relief as the Court may deem just and equitable.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury.

**DESIGNATION OF TRIAL COUNSEL**

Pursuant to R. 4:25-4, Stephen P. DeNittis, Esq. is hereby designated as trial attorney in the above matter.

**CERTIFICATION PURSUANT TO RULE 4:5-1 and N.J.S.A. 56:8-1 *et. seq.***

1.    I hereby certify that to my knowledge the matter in controversy is not the subject of any other action pending in any court or of a pending arbitration proceeding.

2.    To my knowledge, no other action or arbitration procedure is contemplated.

3.    I have no knowledge at this time of the names of any other parties who should be joined in this action.

Dated: March 4, 2026

**DeNittis Osefchen Prince, P.C.**

By: _____

Stephen P. DeNittis, Esq. (031981997)
Joseph A. Osefchen, Esq. (024751992)
Shane T. Prince, Esq. (022412002)
James A. Barry, Esq. (027512008)
525 Route 73 North, Suite 410
Marlton, New Jersey 08053
SDenittis@Denittislaw.com
JOsefchen@Denittislaw.com
SPrince@Denittislaw.com
JBarry@Denittislaw.com
(856) 797-9951

26

Exhibit A

# Exhibit A

## Aerial Extent of Bedrock CEA  (Blocks and Lots)
### Former Givaudan Facility
### 125 Delawanna Ave.
### Clifton, NJ

| Block | Lot | Address | Owner | Owner Address |
|---|---|---|---|---|
| 60.14 | 25 | 174 Delawanna Avenue Clifton City, NJ 07014 | 6W BP Opportunity | 104 Chestnut St. Suite 300 Ridgewood, NJ 07450 |
| | | | | |
| 61.03 | 4 | 93 Entin Road Clifton City, NJ 07014 | Wea Enterprises Co, Inc | 215 Park Avenue South S1903 New York, NY 10003 |
| 61.03 | 17 | 40 Colorado Street Clifton City, NJ 07014 | Colorado Realty LLC | 409 River Road Suite 1 Clifton, NJ 07014 |
| 61.03 | 20 | 144 Delawanna Avenue Clifton City, NJ 07014 | 144 Delawanna Clifton LLC | 144 Delawanna Avenue Clifton City, NJ 07014 |
| 61.03 | 26 | 132 Delawanna Avenue Clifton City, NJ 07014 | Telx Clifton-I LLC | 3 Corporate Place Piscataway, NJ 08854 |
| 61.03 | 27 | 100 Delawanna Avenue Clifton City, NJ 07014 | Telx Clifton-I LLC | 3 Corporate Place Piscataway, NJ 08854 |
| 61.03 | 38 | 2 Peekay Drive Clifton City, NJ 07014 | GI TC 2 Peekay Drive LLC | 188 The Embarcadero #700 San Francisco, CA 94105 |
| 61.03 | 40 | Peekay Drive Clifton City, NJ 07014 | Wea Enterprises Co, Inc | 215 Park Avenue South S1903 New York, NY 10003 |
| 61.03 | 41 | 1 Entin Road Clifton City, NJ 07014 | Fabris Holdings Clifton LLC | 876 Trailing Ridge Road Franklin Lakes, NJ 07417 |
| 61.03 | 51 | 499 River Road Clifton City, NJ 07014 | 499R Clifton LLC | 104 Chestnut St. Suite 300 Ridgewood, NJ 07450 |
| 61.03 | 56 | 495 River Road Clifton City, NJ 07014 | 495 River Road Group LLC | 108 Inwwod Avenue Montclair, NJ 07043 |
| 61.03 | 58 | 415 River Road Clifton City, NJ 07014 | Huang Yung Pun | 481 River Road Clifton, NJ 07014 |
| 61.03 | 59 | 401 River Road Clifton City, NJ 07014 | Forrest Family LP | 461 River Road Clifton, NJ 07014 |
| 61.03 | 61 | 409 River Road Rear Clifton City, NJ 07014 | Classic Realty Co NJ LTD | 409 River Road Suite #1 Clifton, NJ 07014 |
| | | | | |
| 61.04 | 1 | 26 Nettie Place Clifton City, NJ 07014 | Gerardino, Wilson & Perez, Elidia | 26 Nettie Place Clifton City, NJ 07014 |
| 61.04 | 2 | 24 Nettie Place Clifton City, NJ 07014 | O Shea Kevin WF | 24 Nettie Place Clifton City, NJ 07014 |
| 61.04 | 3 | 20 Nettie Place Clifton City, NJ 07014 | Oliver Olivette | 20 Nettie Place Clifton City, NJ 07014 |
| 61.04 | 4 | 16 Nettie Place Clifton City, NJ 07014 | Giron Jose E WF | 16 Nettie Place Clifton City, NJ 07014 |
| 61.04 | 5 | 14 Nettie Place Clifton City, NJ 07014 | Curran Thomas WF | 14 Nettie Place Clifton City, NJ 07014 |
| 61.04 | 6 | 10 Nettie Place Clifton City, NJ 07014 | Krattiger JR Arnold WF | 10 Nettie Place Clifton City, NJ 07014 |
| 61.04 | 7 | 72 Delawanna Avenue Clifton City, NJ 07014 | Krattiger Raymond S | 72 Delawanna Avenue Clifton City, NJ 07014 |
| 61.04 | 8 | 74 Delawanna Avenue Clifton City, NJ 07014 | Lascar Jaime WF | 74 Delawanna Avenue Clifton City, NJ 07014 |
| | | | | |
| 61.05 | 1 | 27 Nettie Place Clifton City, NJ 07014 | Salvatore Jason WF | 27 Nettie Place Clifton City, NJ 07014 |
| 61.05 | 2 | 23 Nettie Place Clifton City, NJ 07014 | Lazorchak Stephen J WF | 23 Nettie Place Clifton City, NJ 07014 |
| 61.05 | 4 | 17 Nettie Place Clifton City, NJ 07014 | Loughlin Mary Ann Husb | 17 Nettie Place Clifton City, NJ 07014 |
| 61.05 | 5 | 13 Nettie Place Clifton City, NJ 07014 | Moti Hardat | 13 Nettie Place Clifton City, NJ 07014 |
| 61.05 | 6 | 9 Nettie Place Clifton City, NJ 07014 | Pipitone Camille | 9 Nettie Place Clifton City, NJ 07014 |
| 61.05 | 7 | 64 Delawanna Avenue Clifton City, NJ 07014 | Patel Pravin WF | 64 Delawanna Avenue Clifton City, NJ 07014 |
| | | | | |
| 61.06 | 1 | 64 Johnson Street Clifton City, NJ 07014 | City of Clifton | 900 Clifton Avenue Clifton, NJ 07013 |
| 61.06 | 2 | 58 Johnson Street Clifton City, NJ 07014 | Slezak, Natalie H & Helfen, Erik | 58 Johnson Street Clifton City, NJ 07014 |
| 61.06 | 3 | 8 Raymond Place Clifton City, NJ 07014 | Kaminski Leon WF | 8 Raymond Place Clifton City, NJ 07014 |
| 61.06 | 4 | 12 Raymond Place Clifton City, NJ 07014 | Kaiser Giesela | 12 Raymond Place Clifton City, NJ 07014 |
| 61.06 | 5 | 20 Raymond Place Clifton City, NJ 07014 | Slezak Hanna Husb | 20 Raymond Place Clifton City, NJ 07014 |
| 61.06 | 7 | 16 Raymond Place Clifton City, NJ 07014 | Zybura Jerzy Als | 16 Raymond Place Clifton City, NJ 07014 |
| 61.06 | 9 | 50 Delawanna Avenue Clifton City, NJ 07014 | Sieczka Slawomir WF | 50 Delawanna Avenue Clifton City, NJ 07014 |
| | | | | |
| 61.07 | 1 | 60 Jefferson Street Clifton City, NJ 07014 | Boyko Jr John WF | 60 Jefferson Street Clifton City, NJ 07014 |

F:\2018\18-862 Givaudan\Matrix 2018 Foward\2020-2021 CEAs\DRAFT 2 to Givaudan 2021\Bedrock\
Property Owners within CEA extent_03-31-21

Page 1 of 4

PAS-L-000802-26  03/04/2026 10:10:46 AM  Pg 28 of 31  Trans ID: LCV20262525166

Aerial Extent of Bedrock CEA  (Blocks and Lots)
Former Givaudan Facility
125 Delawanna Ave.
Clifton, NJ

| Block | Lot | Address | Owner | Owner Address |
|---|---|---|---|---|
| 61.07 | 4 | 56 Jefferson Street Clifton City, NJ 07014 | Pichirallo Frank WF | 56 Jefferson Street Clifton City, NJ 07014 |
| 61.07 | 6 | 52 Jefferson Street Clifton City, NJ 07014 | Velasco Virginia S | 52 Jefferson Street Clifton City, NJ 0704 |
| 61.07 | 8 | 22 Delawanna Avenue Clifton City, NJ 07014 | VMP Holdings LLC | 22 Delawanna Avenue Clifton City, NJ 07014 |
| 61.07 | 10 | 26 Delawanna Avenue Clifton City, NJ 07014 | Laskowski, Robert | 36 Chandler Drive Wayne, NJ 07470 |
| 61.07 | 12 | 30 Delawanna Avenue Clifton City, NJ 07014 | Marques, Rosemarie & Smith, Ethan M | 30 Delawanna Avenue Clifton City, NJ 07014 |
| 61.07 | 14 | 34-36 Delawanna Avenue Clifton City, NJ 07014 | Ladika Luisa E Husb | 34 Delawanna Avenue Clifton, NJ 07014 |
| 61.07 | 16 | 51 Johnson Street Clifton City, NJ 07014 | Fernandez Grace D Als | 51 Johnson Street Clifton City, NJ 07014 |
| 61.07 | 18 | 55 Johnson Street Clifton City, NJ 07014 | Isler Jorge Als | 55 Johnson Street Clifton City, NJ 07014 |
| 61.07 | 20 | 63 Johnson Street Clifton City, NJ 07014 | Menasche, Christopher D & Butler, J | 63 Johnson Street Clifton City, NJ 07014 |
|  |  |  |  |  |
| 61.08 | 1 | 57 Jefferson Street Clifton City, NJ 07014 | DiPiazza, Marie | 59 Jefferson Street Clifton, NJ 07014 |
| 61.08 | 5 | 55 Jefferson Street Clifton City, NJ 07014 | Cantatore Christian | 55 Jefferson Street Clifton City, NJ 07014 |
| 61.08 | 8 | 12 Delawanna Avenue Clifton City, NJ 07014 | Dzamba Hollis A | 16 Delawanna Avenue Clifton, NJ 07014 |
|  |  |  |  |  |
| 73.03 | 2.01 | 261 River Road, Clifton City, NJ 07014 | IIT CLIFTON DC LLC /POER & CO | 2 N Riverside PLZ S# 2350, Chicago IL 60606 |
| 73.03 | 2.02 | 275 River Road, Clifton City, NJ 07014 | GIVAUDAN ROURE CORP % TAX DEPT | 1199 Edison Drive, Cincinnati OH 45216 |
| 73.03 | 2.03 | 125 Delawanna Ave, Clifton City, NJ 07014 | SPG DELAWANNA LLC % SEAGIS GROUP | 11350 Interchange Circle, Miramar FL 33025 |
| 73.03 | 30 | 99 Dyer Avenue Clifton City, NJ 07014 | Penado, Sharon A | 99 Dyer Avenue Clifton City, NJ 07014 |
| 73.03 | 32 | 95 Dyer Avenue Clifton City, NJ 07014 | Pantano, Joseph | 95 Dyer Avenue Clifton City, NJ 07014 |
| 73.03 | 34 | 91 Dyer Avenue Clifton City, NJ 07014 | Coniglio JR Charles J WF | 91 Dyer Avenue Clifton City, NJ 07014 |
| 73.03 | 36 | 85 Dyer Avenue Clifton City, NJ 07014 | Adamo, Angelo | 85 Dyer Avenue Clifton City, NJ 07014 |
| 73.03 | 38 | 81 Dyer Avenue Clifton City, NJ 07014 | Nieglos Kenneth T | 83 Dyer Avenue Clifton, NJ 07014 |
| 73.03 | 40.01 | 77 Dyer Avenue, Clifton City, NJ 07014 | Ferraz Cleane L | 77 Dyer Avenue, Clifton City, NJ 07014 |
| 73.03 | 40.02 | 73 Dyer Avenue, Clifton City, NJ 07014 | Dlugopolski Wladyslaw WF | 73 Dyer Avenue, Clifton City, NJ 07014 |
| 73.03 | 44 | 69 Dyer Avenue Clifton City, NJ 07014 | Rakowski, Slawoj | 69 Dyer Avenue Clifton City, NJ 07014 |
| 73.03 | 46 | 65 Dyer Avenue Clifton City, NJ 07014 | Rosato, Joseph M | 24 Barnes Drive Ridgefield Park, Nj 07660 |
| 73.03 | 48 | 63 Dyer Avenue Clifton City, NJ 07014 | Waller, Jennifer | 63 Dyer Avenue Clifton City, NJ 07014 |
| 73.03 | 49 | 61 Dyer Avenue Clifton City, NJ 07014 | Kearny Family Health Center LLC | 19 Glendale Avenue Fairfield, NJ 07004 |
| 73.03 | 50 | 51 Dyer Avenue Clifton City, NJ 07014 | Murillo, Ronnie & Perez Vanessa | 51 Dyer Avenue Clifton City, NJ 07014 |
| 73.03 | 54 | 321 River Road Clifton City, NJ 07014 | 321 River Road Assoc. LLC | 151River Road Clifton, NJ 07014 |
| 73.03 | 74 | 9 Johnson Street Clifton City, NJ 07014 | Szymanski Ryszard WF | 9 Johnson Street Clifton City, NJ 07014 |
| 73.03 | 76 | 15 Johnson Street Clifton City, NJ 07014 | Nombre Julio Contreras | 15 Johnson Street Clifton City, NJ 07014 |
| 73.03 | 78 | 19 Johnson Street Clifton City, NJ 07014 | Songsong Napthalials | 19 Johnson Street Clifton City, NJ 07014 |
| 73.03 | 79 | 21 Johnson Street Clifton City, NJ 07014 | Cerniglia, Vincent L | 21 Johnson Street Clifton City, NJ 07014 |
| 73.03 | 81 | 25 Johnson Street Clifton City, NJ 07014 | Englese, John M ALS | 25 Johnson Street Clifton City, NJ 07014 |
| 73.03 | 83 | 29 Johnson Street Clifton City, NJ 07014 | Miragliotta, Ewa | 29 Johnson Street Clifton City, NJ 07014 |
| 73.03 | 84 | 33 Delawanna Avenue Clifton City, NJ 07014 | Elliott, Helen | 33 Delawanna Avenue Clifton City, NJ 07014 |
| 73.03 | 85 | 31 Delawanna Avenue Clifton City, NJ 07014 | Hanna, Ezzat & Abdelmelek, Mervat | 31 Delawanna Avenue Clifton City, NJ 07014 |
| 73.03 | 86 | 27 Delawanna Avenue Clifton City, NJ 07014 | Edwards Tammy M Husb | 27 Delawanna Avenue Clifton City, NJ 07014 |
| 73.03 | 87 | 23 Delawanna Avenue Clifton City, NJ 07014 | Darji Mukesh Als | 23 Delawanna Avenue Clifton City, NJ 07014 |
| 73.03 | 88 | 21 Delawanna Avenue Clifton City, NJ 07014 | Zelaya, Alexa & Jessica L | 21 Delawanna Avenue Clifton City, NJ 07014 |

PAS-L-000802-26   03/04/2026 10:10:46 AM   Pg 29 of 31   Trans ID: LCV2026525166

**Aerial Extent of Bedrock CEA  (Blocks and Lots)**
**Former Givaudan Facility**
**125 Delawanna Ave.**
**Clifton, NJ**

| Block | Lot | Address | Owner | Owner Address |
|---|---|---|---|---|
| 73.03 | 89 | 30 Jefferson Street Clifton City, NJ 07014 | Torres, Julio | 30 Jefferson Street Clifton City, NJ 07014 |
| 73.03 | 91 | 24 Jefferson Street Clifton City, NJ 07014 | Battistus, Dennis P | 26 Jefferson Street Clifton, NJ 07014 |
| 73.03 | 93 | 20 Jefferson Street Clifton City, NJ 07014 | Koterba, Francis | 20 Jefferson Street Clifton City, NJ 07014 |
| 73.03 | 96 | 16 Jefferson Street Clifton City, NJ 07014 | DeMelo, Richard | 16 Jefferson Street Clifton City, NJ 07014 |
| 73.03 | 97 | 10 Jefferson Street Clifton City, NJ 07014 | Palao, Robert | 10 Jefferson Street Clifton City, NJ 07014 |
| 73.03 | 100 | 301 River Road, Clifton, NJ 07014 | Masoleah CORP % GASGO | 301 River Road, Clifton, NJ 07014 |
| 73.03 | 101 | 299 River Road, Clifton, NJ 07014 | 291 River Road Building LLC | 291-299 River Road, Clifton, NJ 07014 |
| | | | | |
| 73.04 | 1 | 93 Delawanna Avenue Clifton City, NJ 07014 | Medina, Francisco | 97 Boll Street Clifton, NJ 07014 |
| 73.04 | 3 | 89 Delawanna Avenue Clifton City, NJ 07014 | Ponce, Luisa | 89 Delawanna Avenue Clifton City, NJ 07014 |
| 73.04 | 5 | 87 Delawanna Avenue Clifton City, NJ 07014 | Aponte, Nubia E Husb | 213 E Johnson Avenue Bergenfield, NJ 07621 |
| 73.04 | 7 | 81 Delawanna Aveune Clifton City, NJ 07014 | Phoenix Realty Associates LLC | 81 Delawanna Aveune Clifton City, NJ 07014 |
| 73.04 | 9 | 26 Wheeler Street Clifton City, NJ 07014 | Ingraffia, Salvatore | 26 Wheeler Street Clifton City, NJ 07014 |
| 73.04 | 12 | 22 Wheeler Street Clifton City, NJ 07014 | Simon, John | 22 Wheeler Street Clifton City, NJ 07014 |
| 73.04 | 14 | 18 Wheller Street Clifton City, NJ 07014 | Robson JR, Robert W | 18 Wheller Street Clifton City, NJ 07014 |
| 73.04 | 16 | 14 Wheeler Street Clifton City, NJ 07014 | Gomez-Brito, Iris Y | 14 Wheeler Street Clifton City, NJ 07014 |
| 73.04 | 18 | 10 Wheeler Street Clifton City, NJ 07014 | Lee, Wiliam & Kook JA | 10 Wheeler Street Clifton City, NJ 07014 |
| 73.04 | 20 | 88 Dyer Avenue Clifton City, NJ 07014 | Maruri, Julian | 88 Dyer Avenue Clifton City, NJ 07014 |
| 73.04 | 22 | 90 Dyer Avenue Clifton City, NJ 07014 | Mittelman, Bruce | 92 Dyer Avenue Clifton, NJ 07014 |
| 73.04 | 24 | 96 Dyer Avenue Clifton City, NJ 07014 | DKH Holdings LLC | 36 Seminole Avenue Oakland, NJ 07436 |
| 73.04 | 26 | 98 Dyer Avenue Clifton City, NJ 07014 | Polanowska, Zofia | 100 Dyer Avenue Clifton, NJ 07014 |
| 73.04 | 28 | 75 Boll Street Clifton City, NJ 07014 | Monico, Anthony R | 75 Boll Street Clifton City, NJ 07014 |
| 73.04 | 30 | 81 Boll Street Clifton City, NJ 07014 | Nivar, Yeudis E | 81 Boll Street Clifton City, NJ 07014 |
| 73.04 | 32 | 83 Boll Street Clifton City, NJ 07014 | Irizarry, Angelica | 83 Boll Street Clifton City, NJ 07014 |
| 73.04 | 34 | 87 Boll Street Clifton City, NJ 07014 | Czarnecki, Damian | 89 Boll Street Clifton, NJ 07014 |
| 73.04 | 37 | 95 Boll Street Clifton City, NJ 07014 | Herrara, Maria & Herrara-Estrada, L | 95 Boll Street Clifton City, NJ 07014 |
| | | | | |
| 73.05 | 1 | 73 Delawanna Avenue Clifton City, NJ 07014 | Tejada, Juan M & Ortiz, Elizabeth | 73 Delawanna Avenue Clifton City, NJ 07014 |
| 73.05 | 3 | 69 Delawanna Avenue Clifton City, NJ 07014 | Rodriquez, Raul | 69 Delawanna Avenue Clifton City, NJ 07014 |
| 73.05 | 5.01 | 65 Delawanna Avenue Clifton City, NJ 07014 | Niewiadomski, Krzysztof | 65 Delawanna Avenue Clifton City, NJ 07014 |
| 73.05 | 5.02 | 61 Delawanna Avenue Clifton City, NJ 07014 | Degen, Thomas | 61 Delawanna Avenue Clifton City, NJ 07014 |
| 73.05 | 9 | 30 Wickers Street Clifton City, NJ 07014 | Frost, Torri L | 30 Wickers Street Clifton City, NJ 07014 |
| 73.05 | 11 | 26 Wickers Street Clifton City, NJ 07014 | Mehta, Dilip | 26 Wickers Street Clifton City, NJ 07014 |
| 73.05 | 12 | 22 Wickers Street Clifton City, NJ 07014 | Finocchiaro, S | 22 Wickers Street Clifton City, NJ 07014 |
| 73.05 | 13 | 20 Wickers Street Clifton City, NJ 07014 | Realmonte Income Only Trust (Marie) | 20 Wickers Street Clifton City, NJ 07014 |
| 73.05 | 14 | 16 Wickers Street Clifton City, NJ 07014 | Rana, Sangeeta K Husb | 16 Wickers Street Clifton City, NJ 07014 |
| 73.05 | 16 | 14 Wickers Street Clifton City, NJ 07014 | Ron Jr., Jorge E | 14 Wickers Street Clifton City, NJ 07014 |
| 73.05 | 17 | 10 Wickers Street Clifton City, NJ 07014 | Zitt, Barbara Husb | 10 Wickers Street Clifton City, NJ 07014 |
| 73.05 | 18 | 8 Wickers Street Clifton City, NJ 07014 | Tomcho, Gloria A | 8 Wickers Street Clifton City, NJ 0014 |
| 73.05 | 20 | 70 Dyer Avenue Clifton City, NJ 07014 | VanOrden, Albert | 70 Dyer Avenue Clifton City, NJ 07014 |
| 73.05 | 22 | 76 Dyer Avenue Clifton City, NJ 07014 | Gomez, Nacy & Chuta-Chocoj, Jaime | 76 Dyer Avenue Clifton City, NJ 07014 |

PAS-L-000802-26   03/04/2026 10:10:46 AM  Pg 30 of 31  Trans ID: LCV2026525166

Aerial Extent of Bedrock CEA  (Blocks and Lots)
Former Givaudan Facility
125 Delawanna Ave.
Clifton, NJ

| Block | Lot | Address | Owner | Owner Address |
|---|---|---|---|---|
| 73.05 | 24 | 80 Dyer Avenue Clifton City, NJ 07014 | Ranalli, Jimmy | 80 Dyer Avenue Clifton City, NJ 07014 |
| 73.05 | 26 | 11 Wheeler Street Clifton City, NJ 07014 | Potosnak, Emil | 11 Wheeler Street Clifton City, NJ 07014 |
| 73.05 | 28 | 15 Wheeler Street Clifton City, NJ 07014 | Hansford, Terence | 15 Wheeler Street Clifton City, NJ 07014 |
| 73.05 | 30 | 19 Wheeler Street Clifton City, NJ 07014 | Perry, Livia & Oliveras, Jose | 19 Wheeler Street Clifton City, NJ 07014 |
| 73.05 | 32 | 21 Wheeler Street Clifton City, NJ 07014 | Chavez, Fredy | 23 Wheeler Street Clifton, NJ 07014 |
| 73.05 | 34 | 27 Wheeler Street Clifton City, NJ 07014 | Patel, Neela S | 27 Wheeler Street Clifton City, NJ 07014 |
| | | | | |
| 73.06 | 1 | 49 Delawanna Avenue Clifton City, NJ 07014 | Ali, Stephanie A | 55 Delawanna Avenue Clifton, NJ 07014 |
| 73.06 | 5 | 45 Delawanna Avenue Clifton City, NJ 07014 | Posada, Gilmer E | 45 Delawanna Avenue Clifton City, NJ 07014 |
| 73.06 | 7 | 41 Delawanna Avenue Clifton City, NJ 07014 | Pathak, Anil | 41 Delawanna Avenue Clifton City, NJ 07014 |
| 73.06 | 9 | 30 Johnson Street Clifton City, NJ 07014 | Cardona, Humberto | 30 Johnson Street Clifton City, NJ 07014 |
| 73.06 | 11 | 26 Johnson Street Clifton City, NJ 07014 | Thakkar, Harshida | 26 Johnson Street Clifton City, NJ 07014 |
| 73.06 | 12 | 22 Johnson Street Clifton City, NJ 07014 | Pavan, Gregory | 161 Harrington Road Clift, Nj 07012 |
| 73.06 | 13 | 20 Johnson Street Clifton City, NJ 07014 | Dario, Theresa A | 20 Johnson Street Clifton City, NJ 07014 |
| 73.06 | 14 | 18 Johnson Street Clifton City, NJ 07014 | Grosz, George | 18 Johnson Street Clifton City, NJ 07014 |
| 73.06 | 15 | 14 Johnson Street Clifton City, NJ 07014 | Carrillo, Joel | 14 Johnson Street Clifton City, NJ 07014 |
| 73.06 | 16 | 10 Johnson Street Clifton City, NJ 07014 | Adamczyk, Agnieszka & Ireneusz K | 10 Johnson Street Clifton City, NJ 07014 |
| 73.06 | 17 | 48 Dyer Avenue Clifton City, NJ 07014 | Regno, James & Brenda | 48 Dyer Avenue Clifton City, NJ 07014 |
| 73.06 | 19 | 50 Dyer Avenue Clifton City, NJ 07014 | Loprete, Frank | 50 Dyer Avenue Clifton City, NJ 07014 |
| 73.06 | 20 | 56 Dyer Avenue Clifton City, NJ 07014 | Gomez, Pedro | 56 Dyer Avenue Clifton City, NJ 07014 |
| 73.06 | 21 | 60 Dyer Avenue Clifton City, NJ 07014 | Olarte, Jose H | 60 Dyer Avenue Clifton City, NJ 07014 |
| 73.06 | 22 | 9 Wickers Street Clifton City, NJ 07014 | Petrina, Louis | 9 Wickers Street Clifton City, NJ 07014 |
| 73.06 | 23 | 13 Wickers Street Clifton City, NJ 07014 | Nyland, Donald | 13 Wickers Street Clifton City, NJ 07014 |
| 73.06 | 24 | 15 Wickers Street Clifton City, NJ 07014 | Scorziello, Thomas | 15 Wickers Street Clifton City, NJ 07014 |
| 73.06 | 26 | 19 Wickers Street Clifton City, NJ 07014 | Shawrtz, Richard | 21 Wickers Street Clifton, NJ 07014 |
| 73.06 | 28 | 23 Wickers Street Clifton City, NJ 07014 | Sanzari Family Trust | 45 John Alden Street Clifton, NJ 07013 |
| 73.06 | 30 | 27 Wickers Street Clifton City, NJ 07014 | Alrabaa, George | 27 Wickers Street Clifton City, NJ 07014 |
| | | | | |
| 73.07 | 1 | 5 Jefferson Street Clifton City, NJ 07014 | Chen, Lin H & Lee Hoi | PO BOX 41 Paramus, NJ 07653 |
| | | | | |
| 73.08 | 1 | 340 River Road Clifton City, NJ 07014 | The Foursome | 417 River Road Clifton, NJ 07014 |
| | | | | |
| NA | NA | Lands Owned By Passiac County Within CEA, Clifton, NJ | Passaic County | Passaic County Administration Building, 401 Grand Street, Paterson, NJ 07505 |
| | | | | |
| NA | NA | NJDOT Clover Leaf Maintenance Yard, ROWs, Clifton, NJ | NJDOT / ROWs | NJDOT Northern Region, ROW Office, 200 Stierli Court, Mount Arlington, NJ 07856-1322 |

PAS-L-000802-26   03/04/2026  10:10:46 AM   Pg 31 of 31   Trans ID: LCV20265525166